# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05CR35-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JOHNNY EUGENE LIMEBERRY, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a violation report filed in the above entitled cause on July 11, 2005 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Kyle W. King, and that the Government was present through Assistant United States Attorney, Richard Edwards, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report that had been filed on July 11, 2005. The Government introduced, without objection, the violation report into evidence. Testimony was then presented by the Government through Eric G. Simpson, United States Probation Officer.

The defendant was charged, in a three count Bill of Indictment, with the breaking and entering of a motor vehicle and larceny from said motor vehicle, said Bill of Indictment having been

filed on April 4, 2005. A hearing was held in regard to detention of the defendant on April 22, 2005. On that date, the undersigned entered an order releasing the defendant upon the defendant's execution of a $15,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(7)(m) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7)(r) Report as soon as possible, to the Office of Probation and Pretrial Services any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

(7)(s) Have no contact with anyone involved in the unlawful use, possession or trafficking of drugs or involved in any other unlawful conduct.

On June 29, 2005, the defendant submitted to an urinalysis drug test at which time the defendant tested positive for the use of cocaine and marijuana. The defendant was arrested in the company of others on June 26, 2005 and was charged with felony possession of cocaine, possession of drug paraphernalia and contributing to the delinquency of a minor. The defendant did not, after his arrest on June 26, 2005, report his arrest to his United States Probation Officer. The defendant acknowledged that he had been arrested only when he was confronted with the arrest by his United States Probation Officer on July 6, 2005.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an

order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is also probable cause to believe that the defendant committed a federal and state crime while on release. The defendant has tested positive for the use of cocaine and marijuana. The possession of both of those controlled substance violated both federal and state law. The possession of cocaine and marijuana is a misdemeanor under federal law. 21 U.S.C. § 844 and the possession of cocaine is a felony under state law, N.C.G.S. § 90-95(a)(3) and the possession of marijuana is a misdemeanor under state law N.C.G.S. § 90-95(a)(3). Due to the fact that there is probable cause to believe that the defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that the defendant would not pose a danger to the safety of any other person or the community.

The defendant has further violated his terms and conditions of pretrial release in that he was ordered to refrain from the use and possession of a narcotic drug unless it was prescribed by a

licensed medical practitioner. The defendant has clearly violated this condition by possessing marijuana and cocaine which are drugs which are not prescribed by licensed medical practitioners.

The defendant has violated his condition of his release that he have no contact with anyone involving the unlawful use, possession or trafficking of drugs in that he was arrested in the company of others on June 26, 2005 and was charged with felony possession of cocaine and drug paraphernalia and contributing to the delinquency of a juvenile.

The defendant has clearly violated the terms and conditions of pretrial release that order him to report, as soon as possible, to the Office of Probation and Pretrial Services any contact that he has with any law enforcement personnel in that he did not report his arrest that occurred on June 26, 2005 until his was questioned concerning that arrest by Officer Simpson on July 6, 2005.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

The defendant entered a plea of guilty to count three of the Bill of Indictment on July 5, 2005. In count three, the defendant was charged with injuring property of the United States having a value of less than $1,000. That offense is a misdemeanor. The defendant, at that time, consented to

sentencing before a United States Magistrate Judge. Sentencing was delayed until a presentence report could be prepared. On July 14, 2005 the defendant, by and through his counsel, requested that an expedited presentence report be prepared. The Government had no objection to this motion.

IT IS THEREFORE **ORDERED** th**a**t the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter. It is further **ORDERED** that an expedited presentence report be prepared and that sentencing be scheduled as soon as the report has been filed.

**Signed: July 18, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge